IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DON STRICKLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-0229-CV-W-NKL |
| ) | |
| ELI LILLY AND COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

ORDER

Pending before the Court is Plaintiff Don Stricklen's ("Stricklen") Motion to Remand [Doc. # 8]. For the reasons set forth below, the Motion will be granted.

I.  **Background**

This action is one of many filed in Missouri and elsewhere around the country involving Defendant Eli Lilly and Company's ("Eli Lilly") prescription drug Zyprexa. In many of these cases, the Plaintiffs have joined the prescribing doctors as defendants, almost all of whom are Missouri residents like the Plaintiffs themselves. Thus, a preliminary issue in many of these cases is whether the prescribing physicians are proper defendants, or whether they have been fraudulently joined merely to defeat this Court's diversity jurisdiction.

1

In the instant case, Stricklen moves that the case be remanded to state court for lack of removal jurisdiction since Defendants Steven Seagraves and Nancy Solomon[1] ("Physician Defendants") are citizens of Missouri, as is the Plaintiff, Stricklen. Eli Lilly, who removed the case, resists the Motion to Remand by claiming that Physician Defendants have been fraudulently joined or fraudulently misjoined for the sole purpose of defeating this Court's diversity jurisdiction.

## II. Fraudulent Joinder Analysis

The Eighth Circuit has held that when a state court case with non-diverse parties is removed to federal court, "the petitioner may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Filla v. Norfolk & Southern Ry.*, 336 F.3d 806, 809 (8th Cir. 2003). That court articulated the standard for determining fraudulent joinder as follows:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. . . . However, if there is a 'colorable' cause of action–that is, if the state law *might* impose liability on the resident defendant under the facts alleged–then there is no fraudulent joinder. . . . [J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

*Id.* at 810 (emphasis in original) (internal quotations omitted). All facts and ambiguities are to be resolved in the plaintiff's favor. *Id.* at 811. Finally, "in situations where the

---

[1]The parties dispute whether two other Defendants, Drs. Pikalov and Owens, are also residents of Missouri or Kansas. Since the parties agree that the Physician Defendants named above are residents of Missouri, the Court need not resolve the citizenship of Dr. Pikalov and Owens to decide the Motion to Remand.

sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Id.* (quoting *Iowa Public Serv. Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir. 1977).

The question before this Court, then, is whether Missouri law might impose liability on the Physician Defendants for the conduct alleged in Stricklen's petition. The malpractice claims against the Physician Defendants charge that they should have known the risks of taking Zyprexa and that they should have warned Stricklen of them when they prescribed the drug to him. In paragraph 17 of his petition, Stricklen alleges that hundreds of reports were made to the FDA regarding adverse reactions to Zyprexa, including diabetes-related illnesses. He alleges that these reports were added to the FDA Medwatch database to which Physician Defendants could have had access. Thus, he has alleged that Physician Defendants could have discovered – and should have known – of Zyprexa's risks and should have adequately warned him of those risks. His complaint also alleges that the Physician Defendants were negligent in failing to adequately monitor Stricklen as side effects developed, and in failing to properly follow drug packaging information. Finally, Stricklen alleges in the alternative that if Lilly did properly inform the Physician Defendants of Zyprexa's risks, then Physician Defendants were negligent in failing to properly evaluate, diagnose, and treat Stricklen's side effects.

3

Missouri law imposes on physicians a duty to monitor during the course of treatment.  *See Silberstein v. Berwald*, 460 S.W.2d 707, 709 (Mo. 1970) (holding that Missouri law requires the physician "give heed to symptoms subsequent to an operation or treatment, and give or prescribe such method of treatment which the situation demand[s] and as would commend itself to the ordinary, prudent, careful, and skillful physician and surgeon.").  The duty to monitor probably extends to a patient's use of a prescribed drug.   Viewing Stricklen's allegations in the light most favorable to him, the Court concludes that Missouri law may impose liability on the Physician Defendants.

Even if Stricklen's complaint does state a cause of action against Physician Defendants, Eli Lilly argues that joinder is still fraudulent because the complaint contains mutually exclusive pleadings.  Specifically, Stricklen alleges first that Eli Lilly withheld information about Zyprexa from Physician Defendants; that Physician Defendants had a right to rely on Ely Lilly's statements, representations, and advertisements; and that Physician Defendants had no knowledge or reason to know of Eli Lilly's alleged failure to warn or its alleged misrepresentations.  Later in his complaint, Stricklen alleges that Physician Defendants negligently prescribed Zyprexa and failed to warn Stricklen of its health risks.  Eli Lilly maintains that Stricklen cannot possibly prevail against Physician Defendants because his allegations of Physician Defendants' negligence are specifically negated by his allegations against Eli Lilly.  By way of support, Eli Lilly cites a handful of District Court opinions holding that a doctor had been fraudulently joined in a products liability action involving a pharmaceutical where the complaint alleged that drug

4

manufacturer concealed the truth and yet also averred that the doctor had reason to know the truth.  *See e.g., Baisden v. Bayer Corp.*, 275 F. Supp. 2d 759, 762 (S.D.W.Va. 2003); *Flores v. Merck & Co.*, Civ. Action No. C-03-362, slip op. at 2 (S.D. Tex. Mar. 15, 2004) (in-state doctor defendants fraudulently joined where "Plaintiffs make conclusory, general allegations of negligence against [in-state doctors] which they fail to support with specific, underlying facts."); *Spier v. Bayer Corp.* (*In re Baycol Prods. Liab. Litig.*), MDL No. 1431, 02-4853, 2003 WL 21223842, at *2 (D. Minn. May 27, 2003) (denying motion to remand where conclusory allegations that non-diverse prescribing doctor knew or should have known of medicine's alleged risks were not supported by factual assertions).

It is true that Stricklen's allegations against Eli Lilly and Physician Defendants are most likely incompatible: if Eli Lilly misrepresented the dangers of Zyprexa, then the Physician Defendants were probably not negligent in failing to warn about those dangers. However, the Federal Rules of Civil Procedure permit pleading in the alternative. *See* Fed. R. Civ. P. 8(e)(2) ("A party may also state as many separate claims or defenses as the party has regardless of consistency . . . ."); *see also Garman v. Griffin*, 666 F.2d 1156, 1159 (8th Cir. 1981).  It is possible that discovery may yield evidence showing that Eli Lilly had warned Physician Defendants of the dangers of Zyprexa and that Physician Defendants were negligent in not transmitting such warnings to Stricklen.  Indeed, the inability of a plaintiff to know at the time of pleading which, if any, parties are liable for her injuries is the reason alternative pleading is allowed.

5

Case 4:06-cv-00229-NKL   Document 13   Filed 06/12/06   Page 5 of 8

Eli Lilly maintains that while the Federal Rules permit pleading in the alternative, they do not permit bare conclusory allegations. This may be true, but Stricklen's complaint goes further than alleging that Physician Defendants should have known of Zyprexa's side effects. Stricklen also alleges, for example, that Physician Defendants failed to diagnose the condition that allegedly resulted from taking Zyprexa, failed to monitor Stricklen after prescribing Zyprexa, and failed to follow drug packaging. Given the independent sources of negligence alleged against Physician Defendants, and given the minimal requirements of notice pleading under the Federal Rules and the policy reasons for allowing alternative pleading, the Court does not believe that Stricklen's allegations against Eli Lilly preclude his alternative allegations against Physician Defendants . Therefore, the Court concludes that Physician Defendants have not been fraudulently joined.

## III. Fraudulent Misjoinder Analysis

Finally, Eli Lilly argues that Physician Defendants were also fraudulently misjoined under Fed. R. Civ. P. 20 because the claims against them do not arise out of the same transaction or occurrence as the claims against Eli Lilly. Essentially, Eli Lilly argues that a products liability claim turns on the safety of the drug while the malpractice claim turns on the conduct of the doctors. As such, Eli Lilly claims that the causes of action against Physician Defendants cannot be joined with those against Eli Lilly as a matter of law under Rule 20 because there are no common issues of law or fact. This Court has previously rejected Eli Lilly's argument for fraudulent misjoinder and it does

so again here for the same reasons. *See Copeland v. Eli Lilly & Co.*, 2005 U.S. Dist. LEXIS 39070 (D. Mo. 2005).

**IV.     Remand**

As the Court has concluded that Defendant Physicians are proper defendants, at least at this stage of the litigation, it must remand the case back to state court. Under 28 U.S.C. § 1441, a defendant in a state case may remove to U.S. District Court an action which could have been brought originally in District Court, but only if all the defendants agree to removal and none of them is a citizen of the state in which the state court suit was filed. Stricklen originally filed this case in the Circuit Court for the City of S. Louis, Missouri. His case was removed by Eli Lilly by invoking this Court's diversity jurisdiction under 28 U.S.C. 1332. That removal was improper (1) because Defendant Physicians did not consent to it, (2) because Defendant Physicians, as a citizens of the state in which the state action was brought, cannot be removed to federal court under 28 U.S.C. § 1441, and (3) because the common Missouri citizenship among Stricklen and Defendant Physicians deprives this Court of its diversity jurisdiction. The case will therefore be remanded to state court for further proceedings.

Accordingly, it is hereby

ORDERED that Plaintiff's Motion to Remand [Doc. # 8] is GRANTED. The above captioned case is REMANDED to the Circuit Court for the City of St. Louis, Missouri.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  June 12, 2006
Jefferson City, Missouri